❒ Original          ❒ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 23-825M(NJ) |
| Information about the location of the cellular telephone | ) |
| assigned call number 414-610-9605 (the "Target Cell Phone"), | ) Matter No. 2022R00333 |
| whose service provider is US Cellular, as further described in | ) |
| Attachment A | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before      1/26/2023      *(not to exceed 14 days)*

❒ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Hon. William E. Callahan, Jr.      .
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❒ for _____ days *(not to exceed 30)*   ❒ until, the facts justifying, the later specific date of _____ .

Date and time issued:      1/12/2023 @ 10:52 a.m.

*Judge's signature*

City and state:   Milwaukee, Wisconsin

Honorable William E. Callahan, Jr., U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

### Matter No. 2022R00333

1.  Records and information associated with the cellular device assigned call number **414-610-9605** (referred to herein and in Attachment B as "the Target Cell Phone"), with an unknown subscriber that is in the custody or control of US Cellular (referred to herein and in Attachment B as the "Service Provider"), a wireless telephone service provider headquartered 8410 Bryn Mawr Ave., Chicago, IL 60631.

2.  Information about the location of the Target Cell Phone that is within the possession, custody, or control of the Service Provider.

3.  The Target Cell Phone.

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

**Matter No. 2022R00333**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a.   The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period December 11, 2022, to the present:

   i.   Names (including subscriber names, user names, and screen names);
   ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;
   iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.   Length of service (including start date) and types of service utilized;
   vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records;  and

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received)

b.   Information associated with each communication to and from the Target Cell Phone for a period of 45 days from the date of this warrant, including:

i.   Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii.   Source and destination telephone numbers;

iii.   Date, time, and duration of communication; and

iv.   All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c.   Information about the location of the Target Cell Phone for a period of up to 45 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i.   To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or

control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be Seized by the Government

All information described above in Section I that will assist in arresting Tevin Johnson who was charged with Conspiracy to Distribute and Conspiracy of Possession with Intent to Distribute and Distribution of a controlled substance, that is N-phenyl-N- [ 1-(2-phenylethyl)-4-piperidnyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846. Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance, in violation of Title 21, United States Code Sections 843(b). Conspiracy to Money Launder, in violation of Title 18 United States Code, Section 1956(h)., is the subject of an arrest warrant issued on January 4, 2023 and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are

authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 23-825M(NJ) |
| Information about the location of the cellular telephone assigned call number 414-610-9605 (the "Target Cell Phone"), whose service provider is US Cellular, as further described in Attachment A | ) Matter No. 2022R00333 |
| | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§§ 841(a)(1), 841 (b)(1)(B), 846; & 843(b) 18 U.S.C. § 1956(h) | Possession with Intent to Distribute and conspiracy to possess with intent to distribution a controlled substance; Unlawful Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance; & Money Laundering. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**USMS Deputy Clinton Blauser**
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means).*

Date: 1/12/2023

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable William E. Callahan, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT
## Matter No. 2022R00333

I, Clinton Blauser, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **414-610-9605** (the "Target Cell Phone"), whose service provider is US Cellular ("Service Provider") a wireless telephone service provider headquartered  8410 Bryn Mawr Ave., Chicago, IL 60631.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      In this application, the United States seeks (1) historical cell-site location information; (2) historical precision location information; (3) prospective, real-time cell-site location information; (4) prospective, real-time precision location information (i.e., E-911 Phase II data and GPS); and (5) subscriber information and other historic non-content records and information.

3.      Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone.

4.    I am employed as a Deputy with the United States Marshals Service (USMS) and have held that position for over twelve years. Prior to that, I spent three years working for the Allen County Sheriff's Department in Allen County, Indiana, as a Police Officer and a Confinement Officer. As part of my duties in my current position, I conduct investigations to locate federal and state fugitives.

5.    The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all my knowledge about this matter.

6.    The USMS is conducting a fugitive investigation of Tevin D. JOHNSON (DOB: XX/XX/1991), who is wanted for the following charges:  Conspiracy to Distribute and Conspiracy of Possession with Intent to Distribute and Distribution of a controlled substance, that is N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidnyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846; Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance, in violation of Title 21, United States Code Sections 843(b); and Conspiracy to Money Launder, in violation of Title 18 United States Code, Section 1956(h). There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in locating and executing the arrest of JOHNSON.

## JURISDICTION

7.    The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

2

**PROBABLE CAUSE**

8.      The USMS is conducting a fugitive investigation of Tevin M. JOHNSON (DOB: XX/XX/1991), who is wanted for the following charges: Conspiracy to Distribute and Conspiracy of Possession with Intent to Distribute and Distribution of a controlled substance, that is N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidnyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846. Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance, in violation of Title 21, United States Code Sections 843(b). Conspiracy to Money Launder, in violation of Title 18 United States Code, Section 1956(h). During the investigation, case agents identified JOHNSON's cell phone number as **414-610-9605** (Target Cell Phone).

9.      During the criminal investigation of JOHNSON, case agents with the DEA reported the following information: Case agents reviewed law enforcement databases and identified the addresses of XXX2 North 49th Street, Milwaukee, Wisconsin and XXX8 North 30th Street, Milwaukee, Wisconsin as addresses affiliated with JOHNSON and his brother Devin RAGLAND. During surveillance, case agents observed a blue 2018 Subaru Legacy (Subaru), with Wisconsin license plate AML-1442, as a vehicle utilized by JOHNSON and/or RAGLAND for narcotics distribution. On August 26, 2022, Magistrate Judge Nancy Joseph authorized a GPS warrant for the Subaru. The warrant was executed, and the GPS unit was installed onto the Subaru.

10.      On September 30, 2022, case agents coordinated a traffic stop with the Milwaukee County Sheriff Office, where RAGLAND was observed operating and using the Subaru for a suspected drug transaction prior to the traffic stop. During this traffic stop RAGLAND was found to be in possession (in his waistband) of a 9mm SCCY semiautomatic pistol, bearing serial number 819509, which had one round in the chamber and nine rounds in the magazine. Based on the

3

training and experience of case agents, they know that firearms like the 9 mm SCCY semiautomatic pistol recovered from RAGLAND are not manufactured in Wisconsin. Therefore, in order for the firearm to end up in RAGLAND's possession, it would have had to travel through interstate commerce. Further, RAGLAND has a prior felony conviction for injury by negligent use of a weapon, in Milwaukee County Court Case 2017CF149, and therefore is prohibited from possessing a firearm.

11.     Further, inside RAGLAND's Subaru, officers found a total of approximately 94.9 grams of marijuana, seventeen Suboxone strips, one blue fraudulent pill, which tested positive for fentanyl, and two cell phones. RAGLAND did not provide a statement to arresting deputies.

12.     On October 14, 2022, Magistrate Judge Stephen C. Dries authorized a search warrant for RAGLAND's dark blue Apple iPhone 13 and silver Apple iPhone 13 Pro, which were located during the traffic stop on September 30, 2022. Case agents reviewed the forensic extraction of RAGLAND's two cell phones. Case agents located numerous text messages consistent with narcotics distribution, messages related to purchase and sale of firearms, photographs of RAGLAND, photographs of suspected fentanyl pills, photographs of various firearms and conversations between RAGLAND and his brother, JOHNSON, whose contact was saved under "Big Turtle" and having the telephone number **414-610-9605**.

13.     On January 4, 2023, a criminal complaint was filed, and an arrest warrant was issued for Tevin JOHNSON for the following charges: Conspiracy to Distribute and Conspiracy of Possession with Intent to Distribute and Distribution of a controlled substance, that is N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidnyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846; Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled

4

Substance, in violation of Title 21, United States Code Sections 843(b); and Conspiracy to Money Launder, in violation of Title 18 United States Code, Section 1956(h).

14.     On January 4, 2023, the USMS obtained historical call records for **414-610-9605**. Based upon my training, experience, and the investigation to date, Deputy Blauser is aware that obtaining historical location data for a fugitive's cell phone can reveal patterns of movement and locations where the fugitive may be residing that will help case agents apprehend the fugitive.

15.     According to the call records, the Target Cell Phone was active as of the date the records were requested, January 3, 2023.  Deputy Blauser was able to determine that the number **414-610-9605** was contacting family and associates of JOHNSON.  **414-610-9605** communicated with Ja'Quilla Grandberry-Jewell at 414-544-7115, who was identified as JOHNSON's child's mother through, over 1700 times over the course of five months.  The Target Cell Phone communicated with his brother Devin RAGLAND at 414-640-9400 over 700 times over the course of five months.  Investigators believe that the caller history of the Target Cell Phone is consistent with JOHNSON still utilizing the phone.

16.     There is probable cause to believe that JOHNSON is aware of the charge and the existence of the arrest warrant.

17.     On January 11, 2023, in coordination with the Drug Enforcement Administration (DEA), the US Marshals Service (USMS) arrested JOHNSON's brother, Devin RAGLAND, who is a co-defendant in the same case. RAGLAND was arrested during a traffic stop while he was operating his brother's, Jarvis Ragland, vehicle.  After Ragland was arrested the vehicle was turned over to Jarvis Ragland who arrived on scene.

18.     On January 11, 2023, shortly after RAGLAND's arrest, case agents with the DEA conducting surveillance at 3928 North 30th Steet, Milwaukee, WI (JOHNSON's address) observed an unknown male walk up to front door.  The unknown male began knocking on the doors and

5

windows to the house until a female later identified as Inger Carr, JOHNSON's mother, answered the door and spoke with the male. Shortly thereafter, JOHNSON's brother, Jarvis Ragland arrived in the same vehicle that Devin RAGLAND was arrested in and pulled up in the back slab of JOHNSON's address. At this time, Jarvis Ragland entered 3928 North 30th Street, Milwaukee, WI. Several minutes later, Tevin JOHNSON was observed exiting 3928 North 30th Street, Milwaukee, WI with two duffel bags and observed putting the bags into a silver Chevy Traverse that was parked in the back on a slab. JOHNSON then returned to the residence and at this time the USMS were arriving in the area to converge on the house.

19.     As the USMS was travelling to 3928 North 30th Street, Milwaukee, WI, JOHNSON and an unknown male exited the residence and got into the silver Chevy Traverse with JOHNSON being the driver. Jarvis Ragland also exited the residence and entered his (Jarvis Ragland's) vehicle. Both vehicles began leaving the residence as the USMS was arriving on the block. The USMS traffic stopped Jarvis Ragland near the alleyway and began following JOHNSON in the Chevy Traverse. JOHNSON began travelling at a high rate of speed and the USMS attempted to stop JOHNSON at North 28th Street and West Brown Street by blocking West Brown Street eastbound. The USMS had their lights and sirens activated in their government owned vehicles while doing so. JOHNSON proceeded to drive around the USMS by driving onto the sidewalk eastbound on West. Brown Street. At this point, JOHNSON fled at a high rate from the USMS.

20.     Deputy Blauser arrived at 3928 North 30th Street, Milwaukee, WI after the attempted stop of JOHNSON and observed Inger Carr leaving the area in her vehicle. Deputy Blauser and Task Force Officer Downey followed Inger Carr to the intersection of North 27th Street and West Nash and conducted a traffic stop. Deputy Blauser asked if Inger Carr could step out the vehicle and proceeded to interview her. Deputy Blauser explained to her that her son, Tevin JOHNSON, had a federal arrest warrant, was observed leaving her residence, and that he fled from

law enforcement in a vehicle. Deputy Blauser received verbal consent from Inger Carr to search 3928 North 30th Street, Milwaukee, WI for JOHNSON just in case he double backed to the residence while law enforcement was looking for his vehicle. Inger Carr was questioned about the males that showed up to her house. Carr stated Devin RAGLAND's dad arrived and told Carr and Tevin that Devin was arrested. Upon hearing this information, JOHNSON left the residence.

21.     Later on, January 11, 2023, at approximately 1700 hours, Inger Carr contacted Deputy Blauser and stated that JOHNSON was going to turn himself in on the warrant tonight. As of now, JOHNSON has not turned himself into law enforcement.

22.     I have reviewed a law enforcement database which indicated that US Cellular is the service provider for the Target Cell Phone.

23.     I believe Target Cell Phones, whose service provider is US Cellular ("Service Provider"), a wireless telephone service provider, continues to contain valuable information on this account that could be used to determine the location and then execute the arrest Tevin M. JOHNSON (DOB: XX/XX/1991), who is wanted for the following charges: Conspiracy to Distribute and Conspiracy of Possession with Intent to Distribute and Distribution of a controlled substance, that is N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidnyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846. Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance, in violation of Title 21, United States Code Sections 843(b). Conspiracy to Money Launder, in violation of Title 18 United States Code, Section 1956(h).

## TECHNICAL BACKGROUND

24     Based on my training and experience, I know that Service Provider can collect historical and prospective cell-site data and historical and prospective E-911 Phase II data about

the location of the Target Cell Phones, including by initiating a signal to determine the location of the Target Cell Phones on Service Provider's network or with such other reference points as may be reasonably available.

### A. Cell-Site Data

25.     In my training and experience, I have learned that Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

26.     Based on my training and experience, I know that Service Provider can collect cell-site data on a historical and prospective basis about the Target Cell Phones. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices

8

to which they provide service in their normal course of business to use this information for various business-related purposes.

**B. E-911 Phase II / GPS Location Data**

27.     I know that some providers of cellular telephone service, including Service Provider, have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.

28.     As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

29.     I also know that certain wireless providers, such as Service Provider, can provide precision location information, also known as estimated location records or historical handset location data, on both a historical and prospective basis. Each provider refers to its proprietary estimates of a cellular device's location differently. This information, however, is sometimes referred to as geolocation information (PING), Network Event Location System (NELOS) data, Global Positioning System (GPS) data, cell tower triangulation or trilateration, round-trip time or real-time tool (RTT), per-call measurement data (PCMD), historical E911 data, or precision measurement information.

9

30.     Based on my training and experience, I know that Service Provider also can collect per-call measurement data, which Service Provider also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

31.     Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phones, including by initiating a signal to determine the location of the Target Cell Phones on the Service Provider's network or with such other reference points as may be reasonably available.

**C. Pen-Trap Data**

32.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

**D. Subscriber Information**

33.     Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal

course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business.

34.     In my training and experience, this information can provide the location and assist in the execution of the arrest Tevin M. JOHNSON (DOB: XX/XX/1991), because the information can be used to identify Target Cell Phones user or users, the locations of that user or users, and the patterns of that user or users. A frequency analysis of the telephone communications between the Target Cell Phone and other identified and unidentified subjects is material, in that it can establish whether the calls described above are a deviation from their normal patterns of communication. The frequency analysis of the locations associated with the cellular devices can establish whether the locations are deviations or consistent with normal patterns. This information is relevant to show possible individuals assisting Tevin M. JOHNSON in evading law enforcement and help identify possible other locations JOHNSON may be located.

## AUTHORIZATION REQUEST

35.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

36.    I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

37.    I further request that the Court direct the Service Provider to disclose to the government any information described in Attachment B that is within the possession, custody, or control of the Service Provider for a time period of 45 days from the date the warrant is signed. I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider services, including by initiating a signal to determine the location of Target Cell Phone on the Service Provider network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

38.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice consistent with Magistrate Judge Stephen C. Dries Order pursuant to 18 U.S.C. 2705(b) (App. No 15064). There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to

the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

39.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

13

## ATTACHMENT A

### Property to Be Searched

### Matter No. 2022R00333

1. Records and information associated with the cellular device assigned call number **414-610-9605** (referred to herein and in Attachment B as "the Target Cell Phone"), with an unknown subscriber that is in the custody or control of  US Cellular (referred to herein and in Attachment B as the "Service Provider"), a wireless telephone service provider headquartered  8410 Bryn Mawr Ave., Chicago, IL 60631.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of the Service Provider.

3. The Target Cell Phone.

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

**Matter No. 2022R00333**

**I.       Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

   a.   The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period December 11, 2022, to the present:

      i.   Names (including subscriber names, user names, and screen names);
      ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii. Local and long-distance telephone connection records;
      iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v.   Length of service (including start date) and types of service utilized;
      vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records**;**  and

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received)

b.   Information associated with each communication to and from the Target Cell Phone for a period of 45 days from the date of this warrant, including:

i.   Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii.   Source and destination telephone numbers;

iii.   Date, time, and duration of communication; and

iv.   All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c.   Information about the location of the Target Cell Phone for a period of up to 45 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i.   To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or

3

control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to be Seized by the Government

All information described above in Section I that will assist in arresting Tevin Johnson who was charged with Conspiracy to Distribute and Conspiracy of Possession with Intent to Distribute and Distribution of a controlled substance, that is N-phenyl-N- [ 1-(2-phenylethyl)-4-piperidnyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846. Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance, in violation of Title 21, United States Code Sections 843(b). Conspiracy to Money Launder, in violation of Title 18 United States Code, Section 1956(h)., is the subject of an arrest warrant issued on January 4, 2023 and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are

authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.